CARLISLE and Others *v.* GAAR and Others.

This Court will take judicial notice of the times for the sessions of the Common Pleas and Circuit Courts, and, the contrary not appearing, will presume that such Courts have done their duty by holding their regular sessions, or at least in opening and adjourning the term.

The failure to hold a term does not discontinue a cause.

Generally, this Court will disregard errors not brought to the notice of the Court below

APPEAL from the *Morgan* Circuit Court.

HANNA, J.—Suit on notes. Trial and judgment for plaintiff, over a motion for a new trial, assigning for cause, that "the finding was contrary to the law and the evidence." It is assigned for error that the Court overruled the motion for a new trial, and erred in taking jurisdiction of the case.

It appears by the record that the suit was instituted before the *November* term, 1859, and at said term was continued until the next term, which we judicially know should have been held in *May*, 1860. No entry appears of that date; nor is it shown whether the Court met or not. In argument it is said it did not.

The record then shows that in *July*, 1860, the Court met pursuant to notice published in newspapers, and, the parties herein appearing, among other business, proceeded to try

---

said case. No objection or motion questioning the jurisdiction was made below, but the question is, for the first time, mooted here. It is said that the failure of the *May* term operated as a discontinuance of the cases on the docket; and the meeting in *July* was unauthorized. We are not informed by the record, nor in any other legitimate mode, but that the *May* term was held. If any presumption would arise on the subject, it would perhaps be, that the officers did their duty, either in holding the Court, or at least in opening and adjourning the term. Sec. 17, p. 7, 2 R. S. But if such presumption did not arise, and a Court was not held, the case would not be discontinued. *Id.* secs. 16, 18, 19.

As to the question attempted to be raised of the legality of the sitting of the Court in *July*, and the right then to entertain, hear and determine said cases, we are of opinion the statute of 1858 authorized the holding of special terms of said Court; and in the absence of any thing in the record showing the contrary, we would presume the term of the Court was regularly convened.

This affirms the judgment without considering the effect of the saving clause of the act of *March* 11, 1861, repealing said statute; p. 44, sec. 2.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

W. *V. Burns*, for appellants.

*Benjamin Harrison* and *W. P. Fishback*, for appellees.